

In The
# Court of Appeals
## Seventh District of Texas at Amarillo

---

No. 07-25-00204-CR

---

JARVEN ROBERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2019-418046, Honorable Douglas H. Freitag, Presiding

---

January 27, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

On June 22, 2021, Appellant, Jarven Roberson, entered a guilty plea to one count of assault, domestic violence, with strangulation, a third-degree felony.[1] The trial court deferred a finding of guilt and placed him on deferred adjudication community supervision for a period of four years. In May of 2022, the State filed a motion to proceed with adjudication of guilt, and in May of 2025, the State filed its first amended motion to

---

[1] *See* TEX. PENAL CODE § 22.01(a)(1), (b)(2)(B).

proceed with adjudication of guilt. The State alleged Appellant failed to comply with multiple conditions of his community supervision order.

At the hearing on the State's motion, Appellant pleaded "not true" to each of the State's allegations. After presentation of the evidence, the trial court found two allegations to be true and made no findings as to the other allegations. The trial court then adjudicated Appellant guilty and sentenced him to eight years' imprisonment. Appellant timely appealed from the judgment adjudicating his guilt.

Appellant's court-appointed appellate counsel filed a motion to withdraw supported by an *Anders*[2] brief. We grant counsel's motion and affirm the judgment.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record, and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id*. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and motion to access the appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

file a pro se response to counsel's *Anders* brief. Appellant did not file a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

We grant counsel's motion to withdraw and affirm the trial court's judgment.[3]

Judy C. Parker
Chief Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.